UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHILLIP LITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00473-WTL-DKL |
| | ) | |
| BLAKE MCDONALD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Plaintiff Phillip Littler, an inmate of the Westville Correctional Facility, brings this case pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force when he was housed at the Wabash Valley Correctional Facility. The claims in this action relate a cell extraction that occurred on January 8, 2016. The defendants are: Blake McDonald, Stephen Murphy, Israel Brewer, Denver Smith, Tracy Cobb, Austin Vansickle, Allan Adams, Douglas Mills, Dustin Pirtle, Ryan Brandenburg, Assistant Superintendent Frank Littlejohn, and Superintendent Richard Brown. The claims in this case were severed from a prior lawsuit and the complaint contained claims and involved numerous defendants that are not part of this action. Littler was therefore directed to file an amended complaint and he has done so.

Because Littler is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Littler alleges in the amended complaint that on January 8, 2016, Tracy Cobb asked if Littler would consent to have his cell searched. When Littler refused, the cell extraction team proceeded to conduct an extraction. An unknown officer jumped on Littler and began choking him. Another unknown officer assaulted Littler. Littler was thereafter transferred to a shower cell, where he was again assaulted by unknown officers. None of the other officers present attempted to stop these assaults. Littler further alleges that Superintendent Richard Brown and Frank Littlejohn maintain a policy of allowing correctional officers to abuse prisoners by refusing to discipline officers who exercise excessive force and promoting officers who demonstrate a propensity for using excessive force. Littler further asserts that he wrote letters to both Brown and Littlejohn concerning past assaults and the alleged assaults nevertheless continued. He also alleges that he submitted grievances to Major Russell regarding his allegations that officers exercised excessive force against him, but these grievances were initially ignored.

Some of Littler's claims must be dismissed while others will proceed. First, based on his assertions, Littler has alleged that he was subjected to excessive force by unknown officers and that other officers failed to protect him from the use of force. Unfortunately, having failed to identify in the complaint the officers who exercised the alleged force, he has failed to state a viable claim for relief based on these allegations. *See Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir.

1997) ("It is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff."). If Littler can determine through discovery the identities of these defendants, he may consider filing promptly a motion to amend his complaint.

Next, Littler's only allegation against defendant Cobb is that this defendant asked if he would consent to a search of his cell. Littler's allegations do not raise an inference that Cobb violated his rights. Any claim against Cobb is therefore **dismissed**. In addition, Littler names Blake McDonald, Stephen Murphy, Israel Brewer, Denver Smith, Austin Van Sickle, Allan Adams, Douglas Mills, Dustin Pirtle, and Ryan Brandenburg in the caption, but does not refer to them in the body of the complaint. This is insufficient to state a claim for relief against these defendants. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). The claims against these defendants must therefore be **dismissed**. If Littler claims that these defendants participated in the alleged excessive force, he should file promptly an amended complaint.

Finally, Littler has stated a claim that defendants Brown, Littlejohn, and Russell failed to protect him from the alleged use of force. Littler's claims against defendants Brown, Littlejohn, and Russell **shall proceed** as claims that these defendants failed to protect him from the use of force in violation of the Eighth Amendment. The **clerk shall add Major Russell** as a defendant on the docket. All defendants except Brown and Littlejohn shall be **terminated as defendants.**

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Brown, Littlejohn, and Russell in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on February 10, 2017 (docket 9), applicable forms (Notice of Lawsuit

and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 2/27/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILLIP LITTLER
121098
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic Service to the following employees at the Wabash Valley Correctional Facility:

Richard Brown
Major Russell
Frank Littlejohn