UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHILLIP LITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00473-WTL-DKL |
| | ) | |
| BLAKE MCDONALD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Plaintiff Phillip Littler, an inmate of the Westville Correctional Facility, brings this case pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force when he was housed at the Wabash Valley Correctional Facility. The claims in this action relate a cell extraction that occurred on January 8, 2016. The defendants are: Blake McDonald, Stephen Murphy, Israel Brewer, Denver Smith, Tracy Cobb, Austin Vansickle, Allan Adams, Douglas Mills, Dustin Pirtle, Ryan Brandenburg, Assistant Superintendent Frank Littlejohn, and Superintendent Richard Brown. The claims in this case were severed from a prior lawsuit. Because the complaint contained claims and involved numerous defendants that are not part of this action, Littler was directed to file an amended complaint. Littler's amended complaint was screened pursuant to 28 U.S.C. § 1915A(b) and certain claims were dismissed for failure to state a claim. Littler has since filed a "Revised Amended Complaint." **The Revised Amended Complaint shall be docketed as the Second Amended Complaint**.

Like the Amended Complaint, the Second Amended Complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject

to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

In the Second Amended Complaint, Littler alleges that on January 8, 2016, Tracy Cobb asked if Littler would consent to have his cell searched. When Littler refused, the cell extraction team proceeded to conduct an extraction. Defendants Blake McDonald, Stephen Murphy, Israel Brewer, Denver Smith, Tracy Cobb, Austin Vansickle, Allan Adams, Douglas Mills, Dustin Pirtle, and Ryan Brandenburg all participated in the cell extraction. One of these officers jumped on Littler and began choking him and one of these officers assaulted Littler. Littler was thereafter transferred to a shower cell, where he was again assaulted by officers. None of the other officers present attempted to stop these assaults. Littler further alleges that Superintendent Richard Brown and Frank Littlejohn maintain a policy of allowing correctional officers to abuse prisoners by refusing to discipline officers who exercise excessive force and promoting officers who demonstrate a propensity for using excessive force. Littler further asserts that he wrote letters to both Brown and Littlejohn concerning past assaults and the alleged assaults nevertheless continued. He also alleges that he submitted grievances to Major Russell regarding

his allegations that officers exercised excessive force against him, but these grievances were initially ignored.

Based on this screening, the following claims **shall proceed**: the claim that Defendants Blake McDonald, Stephen Murphy, Israel Brewer, Denver Smith, Tracy Cobb, Austin Vansickle, Allan Adams, Douglas Mills, Dustin Pirtle, and Ryan Brandenburg participated in a cell extraction and other procedures during which Littler was assaulted **shall proceed** as a claim that these defendants either exercised excessive force against Littler or failed to protect him from the use of force in violation of the Eighth Amendment. In addition, Littler's claim that defendants Brown, Littlejohn, and Russell maintain a policy of ignoring or rewarding the use of force, **shall proceed** as a claim that these defendant failed to protect him from the alleged use of force in violation of the Eighth Amendment.

The **clerk shall add** Blake McDonald, Stephen Murphy, Israel Brewer, Denver Smith, Tracy Cobb, Austin Vansickle, Allan Adams, Douglas Mills, Dustin Pirtle, and Ryan Brandenburg as defendants on the docket. The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the Second Amended Complaint filed on March 13, 2017 (docket 13), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 3/17/17

Distribution:

PHILLIP  LITTLER
121098
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic Service to the following employees at the Wabash Valley Correctional Facility:

Richard Brown
Major Russell
Frank Littlejohn
Blake McDonald
Stephen Murphy
Israel Brewer
Denver Smith
Tracy Cobb
Austin Vansickle
Allan Adams
Douglas Mills
Dustin Pirtle
Ryan Brandenburg