UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

PHILLIP LITTLER,  )
  )
        Plaintiff,  )
  )
    vs.  )  No. 2:16-cv-00473-WTL-DLP
  )
BLAKE MCDONALD, et al.,  )
  )
  )
        Defendants.  )

**Entry Discussing Motion for Summary Judgment**

Plaintiff Phillip Littler, an inmate of the Westville Correctional Facility, brings this case pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force when he was housed at the Wabash Valley Correctional Facility. The claims in this action relate to a cell extraction that occurred on January 8, 2016. The defendants are: Correctional Officers Blake McDonald, Stephen Murphy, Israel Brewer, Denver Smith, Tracy Cobb, Austin Vansickle, Allan Adams, Douglas Mills, Dustin Pirtle, and Ryan Brandenburg; Assistant Superintendent Frank Littlejohn; Major Dusty Russell; and Superintendent Richard Brown.

Littler alleges that McDonald, Murphy, Brewer, Smith, Cobb, Vansickle, Adams, Mills, Pirtle, and Brandenburg all participated in the cell extraction that one of them jumped on him and choked him, and another of them assaulted him. He also alleges that he was again assaulted after he was transferred to a shower cell and that none of the officers attempted to stop the assaults. He also alleges that Superintendent Brown and Frank Littlejohn maintained a policy that allowed assaults like this to happen and that he submitted grievances to Major Russel, but the grievances were ignored.

The defendants have moved for summary judgment and Littler has not responded. For the following reasons, the motion for summary judgment, Dkt. No. 52, is **granted**.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

Littler has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

On September 9, 2014, Littler was found guilty of Escape. He is therefore believed to be an escape risk. As a result, Littlejohn and Russell ordered weekly cell inspections for safety and security purposes. The weekly cell inspections required Littler to leave his cell. If he refused to leave his cell for the weekly cell inspection, Littler would be extracted from his cell.

Littler was extracted from his cell on January 8, 2016 by Allan Adams, Israel Brewer, Tracy Cobb, Blake McDonald, Douglas Mills, Stephen Murphy, Denver Smith, and Austin Vansickle, eight correctional officers, at the Wabash Valley Correctional Facility. Adams, Brewer, Cobb, McDonald, Mills, Murphy, Smith and Vansickle all testify that they did not choke or beat Littler on January 8, 2016. Adams, Brewer, Cobb, McDonald, Mills, Murphy, Smith and Vansickle also testify that they did not see any other correctional officer or named defendant use any inappropriate or unreasonable force against Littler on January 8, 2016. Ryan Brandenburg and Dustin Pirtle did not participate in or witness the cell extraction of Philip Littler on January 8, 2016.

Richard Brown is the Warden at Wabash Valley Correctional Facility. Warden Brown received one piece of correspondence from Littler prior to January 8, 2016 – an informal offender complaint on dated August 6, 2015. This complaint related to the number of pens he was allowed to receive. The complaint did not contain any information that any staff had or were going to use excessive or inappropriate force.

Before January 8, 2016, Littlejohn received three letters from Littler dated December 10, 2015, December 20, 2015, and January 1, 2016. The letter dated December 10, 2015, requested Littlejohn to obtain a copy of an audio recording from his criminal case. It does not mention cell

extractions, searches of his cell, the conditions of his confinement, or the use of force by any staff member at Wabash Valley Correctional Facility. Littler does not allege in the December 20, 2015, letter the use of inappropriate or excessive force. He does not complain about the cell extractions and instead states he will "force cell extractions routinely," Littler's December 20 letter does not allege that he has been harmed by the cell extractions in any manner. Littler's January 1, 2016 letter also does not mention cell extractions.

From August 2015 to January 8, 2016, Major Russell received no written correspondence from Littler.

When asked to identify who choked and beat him on January 8, 2016, Littler states "I cannot identify them because they were masked in body armor."

Pamela Hagemier, LPN saw Littler after the cell extraction and determined he was awake, verbal and had no complaints.

### III. Discussion

The defendants seek summary judgment on each of Littler's claims.

*A. Official Capacity Claims*

The defendants first argue that they are entitled to summary judgment on claims brought against any defendant in his official capacity. A lawsuit against a state official in his official capacity in a Section 1983 case is a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159 (1985). Thus, an official sued in his official capacity, like the state, enjoys immunity from suits brought under Section 1983. *Id.* Because the defendants are entitled to immunity from claims against them in their official capacity, they are entitled to summary judgment on any claim brought against them in their official capacity.

4

*B. Personal Participation*

Defendants Ryan Brandenburg and Dustin Pirtle move for summary judgment arguing that they did not participate in the January 8, 2016, cell extraction. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Because Brandenburg and Pirtle were not part of the cell extraction, they are entitled to summary judgment on Littler's claims.

*C. Use of Force*

Defendants Adams, Brewer, Cobb, McDonald, Mills, Murphy, Smith, and Vansickle move for summary judgment arguing that they did not choke or beat Littler and did not see anyone else choke or beat Littler. These defendants further argue that Littler has not specifically identified any of these defendants as the officer who allegedly used excessive force against him.

These defendants have presented evidence that they did not choke, beat, or otherwise injure Littler during the course of the extraction. They have also presented evidence that they did not observe anyone else exercise excessive force against him. Littler has failed to rebut this evidence. Because there is no evidence that any of the defendants beat or otherwise injured Littler during the cell extraction, these defendants are therefore also entitled to summary judgment on Littler's claims that they exercised excessive force against him. *See DeWalt v.*

5

*Carter*, 224 F.3d 607, 619 (7th Cir. 2000) ("The Cruel and Unusual Punishments Clause of the Eighth Amendment prohibits the 'unnecessary and wanton infliction of pain' on prisoners.").

*D. Failure to Intervene or Prevent the Use of Force*

The defendants also argue that because Littler has failed to present any evidence that excessive force was used against him, they are entitled to summary judgment on any claim against any defendant for failure to protect him from excessive force. When there has been no violation of the plaintiff's rights there is no claim for failing to protect him. *See Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004). The defendants are therefore entitled to summary judgment on Littler's claims that any of them failed to protect him.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, Dkt. No. 52, is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Date: 5/9/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILLIP LITTLER
121098
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically Registered Counsel